# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs December 6, 2013

## IN RE KALIYAH S., ET AL.

**Appeal from the Juvenile Court for Bradley County**
**No. J-08-435      Daniel Swafford, Judge**

**No. E2013-01352-COA-R3-PT-FILED-FEBRUARY 28, 2014**

D. MICHAEL SWINEY, J., dissenting.

I respectfully dissent from the majority's decision. I believe the Trial Court committed no reversible error, and I would affirm the decision of the Trial Court.

The majority acknowledges that there are two distinct lines of cases from this Court on this issue. The majority discusses these cases in detail and there is nothing to be gained by my discussing them once again in this dissent. I, however, believe that those decisions holding that in a case involving "aggravated circumstances," DCS is relieved of making an attempt to reunify the parent and the child best give effect to the intent of our General Assembly.

I find it difficult to believe, given the language of the statutes involved as set out in the majority's opinion, that our General Assembly intended to require DCS to attempt to reunify a child with a parent even when the grounds alleged rise to the level of "aggravated circumstances" as defined by our General Assembly in the statute. While abandonment is the "aggravated circumstances" present in this case, our General Assembly included abandonment as an aggravated circumstance along with "aggravated assault, aggravated kidnapping, especially aggravated kidnapping, aggravated child abuse and neglect, aggravated sexual exploitation of a minor, especially aggravated sexual exploitation of a minor, aggravated rape, rape, rape of a child, incest, or severe child abuse . . . ." Tenn. Code Ann. § 36-1-102(9) (2010). As is clear from the statute, abandonment is only one of many different "aggravated circumstances" as determined by our General Assembly. The particular circumstances which would constitute "aggravated circumstances" was a policy decision made by our General Assembly.

The majority's holding means that as to all aggravated circumstances, not just abandonment, DCS will be required to attempt to reunify the parent and the child unless there has been a prior determination by a court that such aggravated circumstances exist. In short, DCS will be required to prove the aggravated circumstances in some court hearing before it has to prove them in the termination proceeding.

I do not read the statutes to require DCS to attempt to reunify the parent and the child in those cases where aggravated circumstances, including abandonment, are at issue in the termination of parental rights action. I find nothing in the statutes that convinces me that our General Assembly intended that DCS must attempt to reunify a parent and a child where aggravated circumstances serve as the basis for the attempted parental termination. More specifically, I find nothing in the statutes requiring DCS to attempt to reunify the parent and the child in those aggravated circumstances which include not just abandonment but the entire list as detailed above such as aggravated sexual exploitation of a minor, aggravated rape, and incest, among others.

Given the language of the statute, there is no basis for treating the aggravated circumstances of abandonment differently from any of the other aggravated circumstances listed in that statute. If DCS is to be required to attempt to reunify a parent and a child if abandonment is alleged, then DCS also must attempt to reunify the parent and child when any of the other aggravated circumstances are alleged. The majority's decision means that if DCS is going to rely upon any aggravated circumstances, DCS first must attempt to reunify the parent and the child at least up until the time a court of competent jurisdiction, likely the termination court itself in the termination hearing, makes the determination as to whether or not the aggravated circumstances have been proven by clear and convincing evidence. I do not believe it was the intent of the General Assembly to require DCS to attempt to reunify a child and a parent in those circumstances where aggravated circumstances serve as the basis for the termination.

For these reasons, I respectfully dissent from the majority's opinion. I would affirm the decision of the Trial Court. Further, I respectfully suggest this is an appropriate case for consideration by our Tennessee Supreme Court so as to resolve the conflict in the decisions of this Court on this issue.

_____
D. MICHAEL SWINEY, JUDGE